**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| SDS INTERNATIONAL, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | USCFC No. 07-881 C<br>Judge Weise |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME**

**COMES NOW,** Plaintiff SDS International, Inc. ("SDS"), by and through undersigned counsel, and pursuant to USCFC Rules 7 and 12 hereby files its Response to Defendant's Motion for an Enlargement of Time. Plaintiff objects to an enlargement because the only remaining pleading that Defendant must file is a simple response to Plaintiff's outstanding Motion for a Hearing. On February 7, 2008 Plaintiff filed a straightforward one page Motion for a Hearing concurrent with its Reply Brief, its supporting Affidavits and its Motion for Leave to Amend the Administrative Record to include the affidavits. Plaintiff filed all these pleadings not only in a timely manner, but actually in advance to the required filing dates for a one reason. Plaintiff is seeking injunctive relief and is prejudiced by any delays in this matter.[1]

[1] Attached hereto is the email from the undersigned to Defendant's counsel from which Defendant quoted Plaintiff's position regarding any further time extensions "absent drastic extenuating circumstances" etc. (Exhibit 1) Defendant apparently cited Plaintiff's counsel's language in effort to demonstrate that Plaintiff is somehow acting unreasonably in not agreeing to any further time extensions. The email outlines Plaintiff's reasoning regarding its refusal to agree on any further time extensions. It also provides specific examples in support of its belief that the government is simply attempting to needlessly delay this matter. Plaintiff stands by that position, although requesting sanctions pursuant to Rule 11 (b)(2) would serve no purpose.

Contrary to Defendant's Motion for an Enlargement, Defendant does not need any additional time to file "its reply to plaintiff's <u>response</u> to the Government's motion for judgment on the administrative record". (emphasis added) Plaintiff filed no such response. Plaintiff filed a Motion for a Preliminary Injunction, Defendant filed its Response and Plaintiff filed its Reply and supporting documents. That is the record under which the Court determines whether Plaintiff has demonstrated its entitlement to preliminary relief. Without citing any support Defendant now manufactures additional pleading requirements when in fact there are no additional pleadings required to address the merits of this case. The government has even admitted to the Court that its legal positions have already been fully developed by representing to the Court;

> And in any event the Government's legal positions in this case have been set forth it its motion for judgment on the administrative record. Thus waiving the requirements that an answer be filed does not prejudice plaintiff. [2]

The only other remaining pleading is a potential response to Plaintiff's Motion for Leave to Amend the Administrative Record. To date Defendant has chosen not to file a response, and it's Motion for an Enlargement of Time does not even address that issue. This is not surprising since Defendant's own February 1, 2008 Response and Opposition to Plaintiff's Motion for a Preliminary Injunction also was based upon extra record evidence in the form of Affidavits prepared by two government employees. Plaintiff's counsel has twice notified defendant's counsel that it would not object to admission of those affidavits. Plaintiff took that position in an effort to avoid further delays. [3]

---

[2] See Defendant's February 15, 2008 Motion for Leave to File Answer-pg. 2. Despite given ample opportunity, to date, Defendant has never addressed the allegations in Plaintiff's Amended Complaint regarding the government's post-award actions that allowed HiPK's to augment critical staff. Defendant admits that the third time enlargement, which SDS did not oppose, was requested specifically to respond to those allegations. Defendant never bothered to address those allegations, and then requested leave to avoid filing an answer.

[3] In addition the Court has indicated its willingness to consider extra-record evidence having already ruled favorably on Plaintiff's Motion to Supplement the Administrative Record. In the interest of fairness and judicial economy it would be pointedly stupid for SDS to object to consideration of the government's extra-record affidavits given the fact that SDS wants expeditious resolution of this matter.

To date, SDS has never opposed any reasonable time extensions requested by the government in this matter, and the government has now been able to obtain three prior time extensions. This latest time extension however is nothing more than a blatant attempt to delay this matter to the obvious prejudice of SDS. SDS has demonstrated an exceptionally strong case in support of its request for injunctive relief, particularly if the government is not allowed further to delay these proceedings. SDS seeks only an expeditious resolution of this matter.

Respectfully submitted,

Date: 2/20/5-4

By: ______________________

Christopher M. Johnson,
Centre Law Group, LLC
1953 Gallows Rd, Suite 650
Vienna, VA. 22102
(703) 288-2800
(703) 288-4868 (fax)

Brian C. Caney-of Counsel

Counsel for Plaintiff
SDS International, Inc.

## Christopher Johnson

**From:** Christopher Johnson

**Sent:** Tuesday, February 19, 2008 11:32 AM

**To:** Robert Chandler Esq. (Robert.Chandler@usdoj.GOV)

**Cc:** Brian Caney; George Gennin

**Subject:** SDS v. U.S.

Robert;

Absent drastic extenuating circumstances (death or illness) SDS will object to any further time extensions for any pleadings in this case. You know that SDS is seeking preliminary relief and further delays are prejudicial to our ability to obtain that relief. Based upon today's discussion I am convinced that the government's entire strategy involves attempts to manufacture delays to these proceedings. I will provide five specific examples that are based upon today's discussion.

1. You have asked for a time extension to answer SDS's February 7, 2008, Motion for a Hearing, even though by your own admission your response is not due until next week. SDS's filed a simple one-page motion for a hearing and you need a time extension to respond to that?

2. You notified me that you intend to file a Motion for Reconsideration of the Court's February 13, 2008 Order granting SDS's February 7 Motion to Amend the Administrative Record. The Court's Order applied to the Gennin, Bayer and Wages Affidavits that were cited in our February 7 Reply brief. Unlike the government, SDS, concurrent with its Reply also filed a timely motion requesting that the Court consider those affidavits when it reviewed SDS's Reply. The Court ruled six days later. You had an opportunity to respond to our Motion prior to the Court's ruling and chose not to. Two weeks after the Court rules now you want to request reconsideration?

3. Given the government's February 1, 2008 Response brief you can not, in good faith, even object to the Court's consideration of any extra record evidence. The arguments in the government's February 1 Response specifically relied upon assertions contained in Tyson's and Sorensen's Affidavits that were attached to your brief. You have had almost three week's to file your own Motion to Supplement the Record and have failed to do so. I specifically told you that I would not object to that motion. Now you want the Court to reconsider its prior ruling regarding SDS's Affidavits on the grounds that you did not have time to respond to SDS's February 7 Motion, even though you previously also relied upon extra record evidence in your own case!

4. Today you asked for additional time to file a Reply that is allegedly due next week. Reply to what? Your February 15 Motion for Leave to Waive Filing an Answer represented to the Court that "the government's legal positions in this case have been set forth in its Motion for Judgment on the Administrative Record" . What do you still need to file?

5. Today you asserted that the Gennin, Bayer and Wages Affidavits contained "irrelevant evidence" I specifically asked you to explain that position. I did so in an effort to possibly alleviate the need for either party to file additional pleadings. You refused to discuss your position. We both have an obligation to attempt to resolve such issues without bothering the Court with unnecessary pleadings.

This is all complete and utter nonsense and we both know that you are now simply trying to delay resolution of this matter. You are aware of your obligations under USCFC Rule 11(b)(2). You are on notice that we view your actions as an attempt to unreasonably delay and we will carefully scrutinize any further pleadings.

EXHIBIT 1

**Chris Johnson,**
**Attorney**
**Centre Consulting, Inc.**
**Centre Law Group, LLC**
1953 Gallows Rd, Suite 650
Vienna, VA 22182
(703) 288-2800 ext. 222
fax: (703) 288-4868

for the latest news in Federal contracting, go to www.centreknowledge.com

**STATEMENT OF CONFIDENTIALITY**

The information contained in this electronic message and any attachments hereto are intended for the sole and exclusive use of the addressee(s), and contain confidential and/or privileged attorney/client information. If you are not the intended recipient(s) of this transmission you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this in error, please notify the sender at the contact information indicated above immediately, and destroy all copies of this message and any attachments.