**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**
**BID PROTEST**

**REDACTED VERSION**

SDS INTERNATIONAL, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

USCFC No. 07-881 C
Judge Weise

**MEMORANDUM (AMENDED) IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND REQUEST FOR EXPRESS CONSIDERATION**

Plaintiff, SDS International, Inc. ("SDS"), by and through undersigned counsel, hereby files this Memorandum in Support of SDS's Second Motion to Supplement the Record. Plaintiff requests the Court allow Plaintiff to supplement the Administrative Record submitted by the government with affidavits prepared by William Bayer, Brian Wages, and George Gennin. For the reasons states below, the documents at issue are necessary for the Court to have a complete understanding of the factual issues in dispute in this matter.

## I. Factual Background

SDS filed this protest asking the Court to enjoin the U.S Army Contracting Agency ("ACA") from commencing or continuing performance of any contract awarded to HiPK under Solicitation No. W911SE-07-R-0016 (the "Award"). SDS contends that the award was improper because the offer submitted by HiPK did not comply with the terms of the Solicitation. SDS's position is that HiPK's technical proposal [redacted]

[redacted] HiPK's technical proposal [redacted]. In addition, HiPK's proposal [redacted]

Regarding Training Transformation, a number of the PWS subsections [redacted] DoD Training Transformation policy. The PWS and Solicitation directed offerors to [redacted] The PWS also required that [redacted] within the PWS.

Before this Court and, in its protest at the Government Accountability Office (GAO), SDS consistently has contended that HiPK's technical proposal failed to comply with the PWS and the Solicitation terms. The affidavits prepared by William Bayer, Brian Wages, and George Gennin support SDS's position.

## II. Argument

This Court may consider evidence outside the Administrative Record under exceptions previously articulated by the U.S. Court of Appeals for the District of Columbia in Esch v. Yeutter, 876 F.2d 976, 991 (D.C.Cir 1989). The Court has identified the following analysis which it will use in considering "extra-record" evidence:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4)

> when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

See also Protection Strategies Inc. v. U.S., 76 Fed. Cl. 225, 233-34; Vantage Associates, Inc. v. U.S., 59 Fed. Cl. 1, 13 (Fed. Cl. 2003), citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989).

The Court has also stated that it will allow the Administrative Record to be supplemented if it will "help explain an agency's decision and thereby facilitate meaningful judicial review of the agency decision, particularly when a subjective value judgment has been made but not explained." Orion Intern. Technologies v. United States, 60 Fed.Cl. 338, 343 (Fed. Cl. 2004); see also Blue & Gold Fleet L.P. v. United States, 2006 WL 979277 (Fed.Cl. 2006) citing Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1333 (Fed.Cir. 2001) (Administrative record may be supplemented where "required for meaningful judicial review"). Consistent with the third exception articulated in Esch v. Yeutter, this Court will allow supplementation of the Administrative Record to include evidence considered by the agency in supporting an award decision. See, e.g., Gulf Group v. U.S,. 61 Fed.Cl. 338, 348 (Fed. Cl. 2004) (allowing the supplementation of the Administrative Record to include information relied upon to determine awardee's proposal risk rating).

Affidavit of William Bayer

SDS is offering Mr. Bayer's Affidavit to enable the Court to clearly understand one of the three issues in this case.[1] That is the issue of whether the performance work statement required that the offerors submit technical approaches with sufficient staffing

[1] In addition to Training Transformation, the other issues are a) the extent to which HiPK's proposal offered sufficient staffing to meet all the PWS requirements, specifically the critical key staffing specified under PWS Section 4.4 and b) the proprietary of the government price realism analysis.

to address the Department of Defenses Training Transformation policies. A clear understanding of the Training Transformation concept, as well as the elements of the PWS that specifically reference training transformation, will assist the Court in deciding that issue.[2] Those are complex issues. Thus the Court should consider the Affidavit under the fourth exception to consideration of extra-record evidence under Esch v. Yeutter,, which allows such evidence when a case is so complex that a court needs more evidence to enable it to understand the issues clearly. Esch, 876 F.2d at 991.

Affidavit of Brian Wages

SDS is offering Mr. Wages' Affidavit to enable the Court to clearly understand the extent to which HiPK's technical proposal adequately addressed the PWS requirements, as such requirements pertained to both the PWS requirements applicable to Training Transformation and PWS requirements related to fulltime staffing of critical key support functions. Again those are complex issues and a clear understanding of those issues will assist the Court in deciding this case. Thus the Court should consider the Affidavit under the fourth exception to consideration of extra-record evidence under Esch v. Yeutter,, which allows such evidence when a case is so complex that a court needs more evidence to enable it to understand the issues clearly. Esch, 876 F.2d at 991.

Affidavit of George Gennin

SDS is offering Mr. Gennin's Affidavit to support the likelihood that SDS would prevail on the merits, and to support its position that a preliminary injunction must be granted in order to prevent irreparable injury to SDS and the public interest. On the merits the Affidavit asserts that subsequent to the award to HiPK, the government took two specific actions that supported SDS's position that the initial proposal submitted by HiPK [redacted] First, the government accepted HiPK's initial proposal in which HiPK [redacted]

---

[2] The Court specifically recognized that issue during the initial telephone conference when it specifically addressed Mr. Bayer's affidavit.

[redacted] After SDS filed its agency protest, the government allowed HiPK [redacted] The government evaluated the proposals and made an award to HiPK based upon HiPK's initial technical approach, [redacted] The actions described in Mr. Gennin's Affidavit consist of evidence that arose after the award to HiPK and are germane to the issue of whether the government's decision to award the contract was proper. Therefore, the Court should first consider the Affidavit under the fifth exception to consideration of extra-record evidence under <u>Esch v. Yeutter</u>, which allows the court to consider evidence that arises after the agency action if that evidence "shows whether the decisions was correct or not." <u>Esch</u>, 876 F.2d at 991; <u>see also</u> <u>Protection Strategies Inc. v. United States,</u> 76 Fed. Cl. 225, 234 (2007) (holding that the court could consider evidence about what occurred after award to determine whether the awardee actually delivered key personnel identified in proposal).

Regarding the element of irreparable injury, Mr. Gennin's affidavit is offered as [redacted] is pending. Regarding the public interest element, if the court grants an injunction and directs the Government to suspend HiPK's performance and/or terminate the contract awarded to HiPK, Mr. Gennin's assertions establish the accelerated short time frame in which SDS is prepared to begin performance of the services at issue. Thus the public interest will not be undercut by any substantial disruption in service to DoD. Therefore, the Court should first consider the Affidavit under the fifth exception to consideration of extra-record evidence under <u>Esch v. Yeutter</u>, which allows the court to consider evidence that arises after the agency action if that evidence "shows whether the decisions was correct or not." <u>Esch</u>, 876 F.2d at 991; <u>see also</u> <u>Protection Strategies Inc. v. United States,</u> 76 Fed. Cl. 225, 234 (2007) (holding that the court could consider evidence about what occurred after award to determine whether the awardee actually delivered key personnel identified in proposal). The court

should also consider the Affidavit under the eight exception to consideration of extra record evidence under Esch v. Yeutter, which allows such consideration in cases where the proprietary of relief is at issue. Esch, 876 F.2d at 991; see also GeoSeis Helicopters, Inc. v. U.S. 77 Fed Cl. 633, 635 (Allowing record to be amended to include Affidavit in support of damages stemming from requested injunctive relief).

**WHEREFORE,** Plaintiff respectfully requests that the Court issue an order allowing Plaintiff SDS to supplement the administrative record with the affidavits of William Bayer, Brian Wages, and George Gennin.

Respectfully submitted,

Date: ____________ By: ____________________________

Christopher M. Johnson,
Centre Law Group, LLC
1953 Gallows Rd, Suite 650
Vienna, VA. 22102
(703) 288-2800
(703) 288-4868 (fax)

Brian C. Caney - Of Counsel

Counsel for Plaintiff
SDS International, Inc.