**REDACTED VERSION**

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| SDS INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | USCFC No. 07-881 C<br>Judge Weise<br>**Filed Under Seal** |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD**

Plaintiff, SDS International, Inc. ("SDS"), by and through undersigned counsel, hereby files this Reply to Defendant's Motion to Strike Plaintiff's Supplementation of the Administrative Record.[1] For the reasons stated below, the Court should deny the Motion since the Affidavits fall within the exceptions previously recognized by this Court in allowing supplementation of the record. Furthermore, the Government's motion is untimely.

The Government's Positions on the Wages and Bayer Affidavits.

With reference to the affidavits prepared by Mr. Wages and Mr. Bayer, extra record evidence offered to assist the Court in resolving complex issues under the fourth exception articulated under Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) is not limited to scientific, economic or specialized explanations that are subject to expert testimony. The Court will entertain extra-record evidence of a non-technical nature if the

[1] SDS is not filing a separate response to HiPK's Motion to Strike Plaintiff's Supplementation of the Record, since HiPK adopted all of the Government's arguments. HiPK's motion is also untimely.

**REDACTED VERSION**

Court believes that it will assist it in resolving complex non-technical issues. For example, in Axiom Resource Management, Inc. v. U.S., 78 Fed. Cl. 576, 595-99 (Fed. Cl. 2007), the Court considered affidavits of former government officials that described agency strategies for the acquisition of services in order to assist the Court in reviewing potential organizational conflicts of interest issues. In short, the Court is free to consider non-technical extra record evidence so long as the court believes that it will assist it in understanding complex issues needed to resolve a case.[2] For the reasons discussed below, both Mr. Bayer's Affidavit and Mr. Wages Affidavit will assist the Court in understanding complex issues relevant to this case.

The Government attacks Mr. Wages' conclusions by opining that he failed to identify any facts or language in HiPK's proposal that supported his conclusions. For example, the Government asserts the following:

> Although in many instances Mr. Wages claims to be interpreting the solicitation or proposals he does not identify the fact upon h which he draws. His affidavit is replete with examples of this. In one particularly egregious example Mr. Wages states: [redacted] Mr. Wages fails to identify any language in HiPK's proposal supporting this inflammatory assertion. Far from assisting the trier of fact in this case Mr. Wages has created confusion by making such baseless statements.

Government Motion, pp. 8-9 (emphasis added).

Either the Government did not bother to review Mr. Wages' Affidavit or, more likely, has itself chosen to confuse the Court by ignoring other parts of Mr. Wages Affidavit. Contrary to the Government's motion, Mr. Wages addressed specific sections of HiPK's proposal in support of his conclusions.

For example, in paragraphs 11, 15 and 16 of his Affidavit, Mr. Wages references [redacted]. He then compares those sections of HiPK's technical approach with the specific PWS sections

[2] The Court made that exact point when it stated in two separate telephone conferences that it found the affidavits prepared by Mr. Bayer and Mr. Wages to be helpful.

**REDACTED VERSION**

that concern the functions at issue in this case. In paragraph 11, Mr. Wages specifically compares PWS section 3.1.5.13 (maintenance of virtual training devices such as Part-Task Trainers and contractor assistance in the development and integration of learning media supporting such virtual training devices) with [redacted] In Paragraph 11, Mr. Wages asserts that [redacted] In Paragraphs 15 and 16 of his Affidavit, Mr. Wages specifically [redacted] His affidavit specifically discusses [redacted] He also references [redacted]

Under Paragraph 15 of his Affidavit, Mr. Wages [redacted] He then references [redacted] He notes that [redacted] Under paragraph 16 of his Affidavit, Mr. Wages [redacted] Under those sections, [redacted] Mr. Wages [redacted] Mr. Wages [redacted] Mr. Wages [redacted]

**REDACTED VERSION**

[redacted] While the Government may disagree with Mr. Wages' conclusions, it is completely misleading for the Government to assert that his conclusions fail to reference any specific sections of HiPK's proposal. The fact that the Government has difficulty disputing Mr. Wages' opinions is not grounds for the Government to assert that he simply offered broad opinions without making specific references to HiPK's proposal when he presented his analysis to the Court.[3]

Mr. Wages' Affidavit also [redacted] In doing so, Mr. Wages [redacted] SDS took this approach and offered affidavits prepared by both Mr. Wages and Mr. Bayer in order to assist the Court in understanding critical issues in this case. The first issue concerns qualified staffing required to meet specified functions in the Base Services functions contained in the PWS. The second issue concerns whether [redacted] The PWS Base Services functions at issue included the development and design of web structures, graphic support for that web based development effort and development and integration assistance related to virtual training functions. Those functions were specified in the Base Services described in the Solicitation, and not simply under potential Task Orders. SDS has consistently maintained that [redacted]

Mr. Wages' Affidavit is offered to assist the Court in [redacted] As specified in Mr. Bayer's Affidavit, SDS's [redacted]

[3] Since Mr. Wages' opinions are based upon [redacted] it would have been logical for HiPK's counsel to have provided a detailed rebuttal to Mr. Wages' opinions, especially since the Court told all parties during the February 20, 2008 telephone conference that it found Mr. Wages' Affidavit helpful. Rather than rebut his conclusions, HiPK relied upon the Government's Motion to Strike Mr. Wages' Affidavit, and its Reply brief references the same sections of HiPK's technical proposal as were also discussed in Mr. Wages' Affidavit. Neither HiPK nor the Government has offered any affidavit from any person who actually drafted the PWS on behalf of the Government or anyone from HiPK that assisted in the preparation of HiPK's proposal.

**REDACTED VERSION**

[redacted]ort and development and integration assistance related to virtual training functions. The Court will have to determine whether [redacted]

In order to render a decision, the Court needs to understand the PWS staffing issue, the need for qualified staff required to perform the relevant Base Services functions in the PWS, and the skill sets necessary to actually perform the work at issue. The Court also needs to have an understanding of the Department of Defense (DoD) Training Transformation (T2) policy, since the solicitation provisions discussed in Mr. Bayer's Affidavit [redacted] Those are complex issues and the Court should consider both Mr. Bayer's Affidavit and Mr. Wages' Affidavit under the fourth exception to consideration of extra-record evidence under Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989), which allows such evidence when a case is so complex that a Court needs more evidence to enable it to understand the issues clearly[4]

Contrary to the Government's Motion, the affidavits prepared by Mr. Wages and by Mr. Bayer have never been intended to substitute for legal argument and have only been offered to assist the Court in [redacted].[5] Mr. Bayer's Affidavit contains [redacted]

---

[4] The Court made this exact point during the initial status conference when it stated that the Court found [redacted]—a conclusion that is totally consistent with the fourth exception specified under Esch. The affidavit SDS submitted with its initial request for a preliminary injunction is nearly identical to the affidavit at issue now.

[5] SDS counsel knows full well that it is the undersigned's responsibility to convince the Court that SDS's interpretation of the PWS is correct [redacted] Putting aside this responsibility, the assertions in the Wages and Bayer affidavits will assist the Court in understanding the PWS and the [redacted]

**REDACTED VERSION**

[redacted] His Affidavit also discusses [redacted] The balance of his Affidavit [redacted].[6]

The Government also maintains that the Court should strike Mr. Wages' Affidavit on evidentiary grounds. Contrary to Government's position, Mr. Wages' assertions are based on his personal knowledge and perceptions that he specifically gained from his review of a number of documents in the Administrative Record, [redacted] He also reviewed [redacted][7] Id. Mr. Wages' opinions are based specifically on his review of documents, most of which are contained in the Government's own Administrative Record. The Government's argument goes to the weight that the Court should apply to Mr. Wages' conclusions, rather than the issue of whether SDS should be allowed to supplement the record with Mr. Wages' Affidavit. Even if SDS offered Mr. Wages' conclusions in an evidentiary hearing, Mr. Wages can render an opinion based upon his perceptions he gained from his personal review of the facts without qualifying as an expert. See FRE 701; Boston Edison Co. v. U.S., 64 Fed. Cl. 167, 180-81 (Fed. Cl. 2005) (holding that opinions of lay witness based upon perceptions gained from personal observations are admissible).

Mr. Gennin's Affidavit

---

[6] Obviously the Government also believes that the Court should have [redacted] since Mr. Tyson's first affidavit filed in support of the Government's February 1, 2008 Motion for Judgment on the Administrative Record also contains [redacted]

[7] The extra-record evidence consisted of Exhibit 1 to HiPK's February 1, 2008 Opposition to SDS's Motion for a Preliminary Injunction.

**REDACTED VERSION**

The Government's final argument relates to Mr. Gennin's Affidavit. In addition to making evidentiary objections to that Affidavit, the Government also maintains that Mr. Gennin's assertions are now irrelevant since the Court denied SDS's Motion for a Preliminary Injunction. The Government is wrong on this point since Mr. Gennin's Affidavit was offered on the issue of the appropriate relief—[redacted]. Assuming that SDS is able to prevail on the merits, Mr. Gennin's assertions are relevant [redacted] The Court should also consider the Affidavit under the eighth exception to consideration of extra record evidence under Esch v. Yeutter, which allows such consideration in cases where the proprietary of relief is at issue. Esch, 876 F.2d at 991; see also GeoSeis Helicopters, Inc. v. U.S., 77 Fed Cl. 633, 635 (2007 Fed. Cl.) (Allowing record to be amended to include affidavit in support of damages stemming from requested injunctive relief.)

Timeliness

The Court should summarily deny the Government's Motion since it is untimely. The Government completely ignored this Court's Rules for filing timely pleadings regarding supplementation of the record. SDS filed its Motion to Supplement the Record and supporting Memorandum on February 8, 2008. The Government's Response was due 14 days thereafter, which was no later than February 22, 2008. See USCFC Rule 7.2(a). The Government failed to file its Response to SDS's Motion. On February 13, 2008, the Court issued an Order granting SDS's Motion to Supplement the Record. Although that Order was within the 14 day time period for which the Government could have timely responded to SDS's original motion, the Government still failed to file a response or even request timely reconsideration of the Court's February 13 Order.

Respectfully submitted,

**REDACTED VERSION**

Date: ____________ By: ______________________________

Christopher M. Johnson,
Centre Law Group, LLC
1953 Gallows Rd, Suite 650
Vienna, VA. 22102
(703) 288-2800
(703) 288-4868 (fax)

Brian C. Caney - Of Counsel

Counsel for Plaintiff
SDS International, Inc.